O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RONALD WELCH, ) | Case No. EDCV 11-0740-MLG |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION AND ORDER |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the ) | |
| Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff Ronald Welch seeks judicial review of the Appeals Council's denial of an application to reopen the dismissal of a request for review. Plaintiff seeks remand to the Appeals Council with an instruction that it consider Plaintiff's request for review on the merits. For the reasons set forth below, the action is dismissed for lack of subject matter jurisdiction.

I.  **Background**

On March 29, 1999, Plaintiff applied for Social Security Disability benefits alleging an onset date of September 13, 1996. (Joint Stip., Ex A at 3.) On February 27, 2002, the ALJ issued an unfavorable decision.

(*Id*. at 11.) On July 15, 2003, Plaintiff requested that the Appeals Council review the February 27, 2002 unfavorable determination. On July 15, 2003, the Appeals Council remanded the case to the ALJ for further proceedings. (*Id*. at 17-19.) On August 28, 2003, the ALJ again denied benefits. (*Id*. at 20-28.)

Plaintiff had 60 days, or until October 27, 2003, to request that the Appeals Council review the August 28, 2003 decision. 20 C.F.R. § 404.968. An untimely request for review will result in the Appeals Council dismissing the request. 20 C.F.R. § 404.971. Plaintiff contends that on September 25, 2003, he faxed to the Appeals Council a request for review. In support of this contention, Plaintiff attached to his pleadings the following documents: (1) a fax cover sheet dated September 25, 2003; (2) a request for review; and (3) a fax transmission log dated September 25, 2003. (*Id*. at 31 to 33) ("the September 2003 request for review").

There being no action taken on the request for review, on August 9, 2004, Plaintiff faxed a status request to the Appeals Council. (Id. at 39-40) ("the August 2004 status request"). On March 29, 2005, at the request of the Appeals Council, Plaintiff faxed a copy of the September 2003 request for review and the August 2004 status request. (*Id*. at 34-43.)

On January 13, 2006, the Appeals Council dismissed Plaintiff's request for review, finding that it was not filed within 60 days of the ALJ's unfavorable decision, as required by 20 C.F.R. 404.968(a). The denial states in pertinent part:

> The representative, Bill LaTour, faxed a request for review
> for the claimant to the Appeals Council on March 29, 2005. The
> request for review is dated September 25, 2003 and a cover

>     sheet dated September 25, 2003 is attached. There is also a
>     "receipt" showing a fax was sent to the Appeals Council on
>     September 25. However, the representative did not submit any
>     clear proof that this particular request for review was faxed
>     to the Appeals Council in a timely manner.

(*Id*. at 44-46.)

On February 7, 2006, Plaintiff faxed a request to the Appeals Council seeking reconsideration of the January 13, 2006 dismissal of his request for review. (*Id*. at 46-58.) That request was apparently denied on February 20, 2007. (*Id*. at 60).

On February 23, 2009, Plaintiff faxed a request to reopen the August 2003 unfavorable decision, accompanied by a declaration by attorney Bill LaTour, signed under penalty of perjury, authenticating the September 2003 request for review.[1] (*Id*. at 84-88.) On August 13, 2010, Plaintiff again requested that the Appeals Council reopen the August 2003 unfavorable decision. (*Id*. at 81-82.) According to the parties, on March 30, 2011, the Appeals Council denied review of the second application for benefits and again denied Plaintiff's request to reopen of the 2003 decision.

**II.  Standard of Review**

The Social Security Act authorizes judicial review of "any final decision of the Commissioner of Social Security made after a hearing to

---

[1] Prior to this, Plaintiff apparently filed a new application for benefits. As part of that application, Plaintiff requested that the ALJ reopen the 1999 application as well as the 2006 Appeals Council determination. On July 29, 2009, the ALJ denied the application as well as Plaintiff's request to overturn the Appeals Council's 2006 decision, stating that he lacked authority or jurisdiction to do so. (*Id*. at 74-77, 98-101.)

3

which he was a party[.]" 42 U.S.C. § 405(g). The Act itself provides that this is the exclusive basis for the district court's jurisdiction to review such decisions. *See* 42 U.S.C. § 405(h) ("No ... decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). "A decision not to reopen a prior, final benefits decision is discretionary and ordinarily does not constitute a final decision; therefore, it is not subject to judicial review." *Udd v. Massanari*, 245 F.3d 1096, 1098-99 (9th Cir. 2001)) (citing *Califano v. Sanders*, 430 U.S. 99, 107-09 (1977)).

This general rule is subject to an exception, however, where the claimant raises a "colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Udd*, 245 F.3d at 1099 (citing *Sanders*, 430 U.S. at 109; *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997)). A "colorable" constitutional claim is one "that is not wholly insubstantial, immaterial, or frivolous." *Udd*, 245 F.3d at 1099. As the Supreme Court has explained, this exception exists because "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures, and therefore, access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109. However, the mere allegation of a due process violation does not assure that the claim is colorable. See *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992) (per curiam).

The cases in which claimants have asserted a "colorable constitutional claim" sufficient to permit judicial review and allow the reopening of an unfavorable decision generally involve allegations by

the claimant that, at the time of the adverse ruling, the claimant suffered from a mental impairment which "prevented the making of a timely request for review of an adverse determination" and that he was not represented by counsel in that proceeding. *See, e.g., Evans*, 110 F.3d at 1483 (citing SSR 91-5p); *Udd*, 245 F.3d at 1099.

### III. Discussion

The Commissioner contends that Plaintiff's factual assertion that he timely filed his request for review with the Appeals Council in September 2003 does not set forth a colorable constitutional claim. (Joint Stip. at 19.) In the alternative, the Commissioner contends that the Appeals Council reasonably determined that Plaintiff's proffered documentary evidence did not provide "clear proof" that he in fact timely faxed his request for review to the Appeals Council. (*Id*. at 20.) Defendant's first argument is dispositive.

"It is axiomatic that due process requires that a claimant receive meaningful notice and an opportunity to be heard before his claim for disability benefits may be denied." *Udd*, 245 F.3d at 1099 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Here, Plaintiff received "meaningful notice and an opportunity to be heard" with respect to his request to reopen the application. The Appeals Council received and considered Plaintiff's proffered documentation on more than one occasion and concluded that it did not provide sufficient proof that Plaintiff had timely filed his request for review. This is all the process to which Plaintiff is due. *See, e.g., Efinchuk v. Astrue*, 480 F.3d 846, 848-49 (8th Cir. 2007) (where claimant was represented by counsel and evidence was received and considered, decision not to reopen did not violate claimant's due process rights); *Blacha v. Sec. of Health & Hum.*

*Services*, 927 F.2d 228, 232 (6th Cir. 1990) (same).

Plaintiff was represented by counsel at all times and he has not alleged that he suffered from any mental impairment which prevented him from making a timely request for review, unlike the claimants in *Evans* and *Udd*. He has had a fair opportunity to be heard on the issues of whether the request for review was timely filed and whether the application should be reopened. This meets the minimal requirements of procedural due process. Disagreement with the merits of an adverse decision on a request to reopen, even if the decision is subject to debate as this one certainly is, does not implicate the Due Process Clause.

Plaintiff has failed to raise a colorable due process claim which would give rise to an exception to the general rule that the Commissioner's decision not to reopen a prior claim is not subject to judicial review, and therefore this Court lacks jurisdiction to consider Plaintiff's claim. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED.**

DATED: February 29, 2012

                                         MARC L. GOLDMAN
                                         Marc L. Goldman
                                         United States Magistrate Judge