O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| RONALD WELCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 11-00740-DFM<br><br>MEMORANDUM OPINION AND ORDER GRANTING PLANTIFF'S MOTION FOR EAJA ATTORNEY FEES |

On February 4, 2014, Plaintiff Ronald Welch filed a motion for award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Because the Court finds that the Commissioner's position was not "substantially justified," as discussed below, the Court grants Plaintiff's motion for EAJA fees.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 1999, Plaintiff applied for Social Security disability insurance benefits. On February 27, 2002, the ALJ issued an unfavorable decision. Plaintiff requested Appeals Council review. On July 15, 2003, the Appeals Council remanded the case to the ALJ for further proceedings. On

August 28, 2003, the ALJ again denied benefits.

Plaintiff had 60 days, or until October 27, 2003, to request that the Appeals Council review the August 28, 2003 decision. 20 C.F.R. § 404.968. An untimely request for review results in the Appeals Council dismissing the request. 20 C.F.R. § 404.971. On September 25, 2003, Plaintiff's counsel sent a letter by fax to the Appeals Council requesting review. When Plaintiff's counsel had heard or received nothing in almost a year, Plaintiff's counsel faxed a status request to the Appeals Council on August 9, 2004. After learning that the Appeals Council did not receive the request for review, Plaintiff's counsel provided the Appeals Council with a fax cover sheet dated September 25, 2003, a request for review dated September 25, 2003, and a fax transmission log showing that a fax had been sent to the Appeals Council on September 25, 2003.

On January 13, 2006, the Appeals Council dismissed Plaintiff's request for review, finding that it was not filed within 60 days of the ALJ's unfavorable decision, as required by 20 C.F.R. 404.968(a). The denial states in pertinent part:

> The representative, Bill LaTour, faxed a request for review for the claimant to the Appeals Council on March 29, 2005. The request for review is dated September 25, 2003 and a cover sheet dated September 25, 2003 is attached. There is also a "receipt" showing a fax was sent to the Appeals Council on September 25. However, the representative did not submit any clear proof that this particular request for review was faxed to the Appeals Council in a timely manner.

On February 23, 2009, Plaintiff faxed a request to reopen the August 2003 unfavorable decision, accompanied by a declaration by attorney Bill LaTour, signed under penalty of perjury, authenticating the September 2003

request for review. On August 13, 2010, Plaintiff again requested that the Appeals Council reopen the August 2003 unfavorable decision. On March 30, 2011, the Appeals Council denied review of the second application for benefits and again denied Plaintiff's request to reopen the 2003 decision.[1]

On May 16, 2011, Plaintiff appealed the denial of his request for review to this Court. On February 29, 2012, United States Magistrate Judge Marc L. Goldman dismissed Plaintiff's complaint for lack of subject matter jurisdiction, finding that Plaintiff's factual assertion that he timely filed his request for review with the Appeals Council did not set forth a colorable constitutional claim. Dkt. 22. Judge Goldman's decision was limited to the question of whether Plaintiff had raised a colorable due process claim; because the Appeals Council had given Plaintiff a "fair opportunity to be heard" on his claim that he had submitted a timely request, Judge Goldman concluded that the Due Process Clause was not implicated even though he indicated that the Appeals Council's decision was "certainly" subject to debate. Dkt. 22 at 6.

Plaintiff appealed this Court's dismissal to the Ninth Circuit Court of Appeals. On October 17, 2013, the Ninth Circuit reversed:

> Although the Council's dismissal order is not a final decision, the district court nonetheless had jurisdiction to review it under 42 U.S.C § 405(g) because Welch asserted a colorable constitutional claim. Califano v. Sanders, 430 U.S. 99, 109, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); Matlock v. Sullivan, 908 F.2d 492, 493–94 (9th Cir.1990). We recently held that due process requires the Commissioner to give "some explanation" when

---

[1] The parties filed a Joint Stipulation, to which all of the above-referenced correspondence between Plaintiff's counsel and the Appeals Council was attached as an exhibit. See Dkt. 21.

dismissing an apparently valid request for a hearing. Dexter v. Colvin, No. 12–35074, 731 F.3d 977, 980–81, 2013 WL 5434699, at *3 (9th Cir. Sept. 30, 2013). Because Welch provided the Council with evidence that, if credited, would establish that he timely filed the request for review, due process requires the Council to provide some explanation why it concluded to the contrary.

> We vacate the judgment of the district court and remand to the district court to remand to the Commissioner to consider the evidence that Welch timely filed his request for review and either to explain her decision dismissing the request or to treat it as timely.

Welch v. Colvin, 542 F. App'x 609, 609-10 (9th Cir. Oct. 17, 2013). The Commissioner filed a petition for panel rehearing, which was summarily denied on November 26, 2013.

On February 16, 2014, this case was randomly reassigned to the undersigned U.S. Magistrate Judge due to the retirement of Judge Goldman.

## II.
## DISCUSSION

**A.  Plaintiff Is Entitled to Attorney Fees as the Prevailing Party Because the Government's Position Was Not Substantially Justified**

The EAJA provides that a court shall award reasonable attorney fees, court costs and other expenses to the prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); accord Pierce v. Underwood, 487 U.S. 552, 565 (1988); Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). The term "'position of the United States' means, in addition to the position taken by the United States in the civil action, the

4

action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D).

A position is "substantially justified" if it has a "reasonable basis both in law and fact." Pierce, 487 U.S. at 565. "Substantially justified" means "justified to a degree that could satisfy a reasonable person." Id. More recently, the Ninth Circuit has clarified that the government's position is "substantially justified" where supported by the record. Hardisty v. Astrue, 592 F.3d 1072, 1080 (9th Cir. 2010) ("The government's adverse credibility finding was substantially justified because all of the inferences upon which it rested had substance in the record."). The government has the burden of proving its positions were substantially justified. Flores v. Shalala, 49 F.3d 562, 569-70 (9th Cir. 1995). However, the mere fact that a court reversed and remanded a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." Kali v. Bowen, 854 F.2d 329, 334 (9th Cir. 1988.)

The Commissioner has not met her burden to show that her position – and in particular the position which caused this civil action – was substantially justified. As noted, the term "position of the United States" includes the action or failure to act by the agency upon which the civil action is based. Here, the Court cannot find that the Appeals Council's determination that Plaintiff's faxed cover sheet, request for review, and dated fax transmittal log with the Council's fax number was not "clear proof" that Plaintiff had timely appealed had a "reasonable basis . . . in fact." If these documents, together with a declaration from Plaintiff's counsel, do not constitute "clear proof" that Plaintiff's counsel timely faxed a request for review to the Appeals Council, it is unclear what documentation Plaintiff could have provided to demonstrate a timely request. As noted by the Ninth Circuit, Plaintiff provided the Appeals Council with sufficient "evidence that, if credited, would establish that he

5

timely filed the request for review." <u>Welch</u>, 542 F. App'x at 609. The Appeals Council's arbitrary rejection of this evidence, without "some explanation" to Plaintiff as to why it was "dismissing an apparently valid request for a hearing," <u>id.</u>, did not have a reasonable basis in fact.

Judge Goldman's now-reversed decision that the Court lacked jurisdiction because the Commissioner had given Plaintiff the fair opportunity to be heard did not touch upon the underlying justification for the Appeals Council's decision to dismiss Plaintiff's request for review; it is that decision which is the "the action . . . by the agency upon which th[is] civil action is based." <u>See</u> 28 U.S.C. § 2412(d)(2)(D). Indeed, Judge Goldman's decision suggests the same doubts about the Appeals Council's decision that this Court now makes clear, as he expressly noted that the decision was "certainly" open for debate.

Accordingly, the Court finds that the government has filed to show that its position was "substantially justified." Plaintiff is entitled to an award of attorney fees under the EAJA as the prevailing party.

**B.    <u>The Hours Claimed by Plaintiff Are Reasonable</u>**

Plaintiff seeks an award in a total amount of $7,680.79, which consists of the following: (1) $5,978.30 for attorney work on the case, representing 34.15 hours of attorney time at $175.06 per hour; (2) $1,146.25 for paralegal work on the case which includes 3.75 hours of paralegal time at $135 per hour and 4 hours of senior paralegal time at $160 per hour; and (3) $551.19 for litigating this fee motion, representing 3 hours of attorney time at $183.73 per hour. The total number of hours for which Plaintiff is seeking attorney fees is 44.9 (37.15 attorney hours and 7.75 paralegal hours).

This Court has the discretion to evaluate the reasonableness of the number of hours claimed by a prevailing party. <u>Sorenson v. Mink</u>, 239 F.3d 1140, 1145 (9th Cir. 2001); <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1398 (9th

Cir. 1992). The Court should exclude hours that were not reasonably expended. Hensley v. Eckerhart, 461 U.S. 424, 434 (1992). In determining reasonableness, the Court must consider, among other factors, the complexity of the case or the novelty of the issues, the skill required to perform the service adequately, the customary time expended in similar cases, as well as the attorney's expertise and experience. Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975); Widrig v. Apfel, 140 F.3d 1207, 1209 (9th Cir. 1998). In reducing a fee award, the Court must provide a reasonable explanation of how it arrived at the number of compensable hours in determining the appropriate fee. Sorenson, 239 F.3d at 1145; Hensley, 461 U.S. at 437.

The amount of time required to litigate any case can be highly variable and is the subject of much debate. The Ninth Circuit recently clarified that "it is [ ] an abuse of discretion to apply a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012). Further, the court questioned "the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." Id. Rather, the inquiry into the reasonableness of a fee request must be based on the facts of each case. Hensley, 461 U.S. at 429.

The Court must generally give deference to the "winning lawyer's judgment as to how much time he was required to spend on the case," particularly in contingency fee cases, such as this one. Costa, 690 F.3d at 1136 (citing Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (noting that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain"). Here, after reviewing the time records counsel submitted and the

pleadings in this matter, the Court finds that the total requested time of 44.9 hours is reasonable. See, e.g., Russell v. Sullivan, 930 F.2d 1443, 1445 (9th Cir. 1991) (approving 54.5 hours as reasonable for services rendered before both the district court and the court of appeals in a social security case), abrogated on other grounds by Sorenson, 239 F.3d at 1149.[2] The hours requested for each task, primarily in reviewing the record and drafting the briefs, appear reasonable and supported by sufficiently detailed billing records.

## III.
## CONCLUSION

Plaintiff's motion for EAJA fees is hereby GRANTED. It is ordered that Plaintiff's counsel be awarded fees in the amount of $7,680.79.

Dated: April 21, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

[2] Defendant does not raise any challenge to the reasonableness of the amount of hours requested by Plaintiff's counsel.